IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS T. REYNOLDS and )
THE LINDSEBROOKE GROUP, LLC, )
a Delaware Limited Liability Company, )
)
    *Plaintiffs*, )
v. ) NO. 3:07-0056
) JUDGE HAYNES
ROBERT J. AROWOOD; WILLIAM M. )
AROWOOD; WILLIAM H. AROWOOD; )
and APPALACHIAN UNDERWRITERS, )
INC., a Tennessee Corporation, )
)
    *Defendants*. )

## MEMORANDUM

Plaintiffs, Thomas T. Reynolds, a Florida citizen and The Lindsbrooke Group, LLC, a Delaware limited liability company with its principal place of business in Florida filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: Robert J. Arowood; William M. Arowood; William H. Arowood, Tennessee citizens and Appalachian Underwriters, Inc., a Tennessee corporation. Plaintiffs assert breach of contract claims for the Defendants' failure to honor their agreement to compensate the Plaintiffs for a worker's compensation program developed by the Plaintiffs.

Before the Court is the Defendants' motion to transfer this action to the Eastern District of Tennessee (Docket Entry No. 10) asserting they and other witnesses reside in the Eastern District where the relevant documents are and where the underlying alleged breach occurred. Plaintiffs respond, in essence, that Defendants do not contest that venue is appropriate in this district and that the Defendants did not present specific proof to warrant a transfer. Absent such proof, Plaintiffs' contend that choice of venue should control as a matter of law.

## A. Analysis of Motion

In 2004, Plaintiff resided in Georgia, where he negotiated with the Defendant Robert J. Arowood ("Bob Arowood) the use of Reynolds' workers comp concept for Arowood, William M. Arowood, and William H. Arowood (the "Arowood Family") and their insurance companies. (Docket Entry No. 16-2, Reynolds Declaration at ¶¶ 2, 3). One of these meetings was held in Clinton, Tennessee with the remainder by telephone and/or email to Reynolds who was then in Georgia. Id. at ¶ 4. The parties reached an agreement. Defendants agreed to pay Reynolds for the benefit of The Lindsbrooke Group, LLC 20% of all fee income generated by the Workers Comp Concept through AUI. Id. at ¶¶ 9, 10. The Arowood family requested that Reynolds work for Accident Insurance Company, Inc. ("AIC") in Columbia, South Carolina where Reynolds worked for over two years. Id. at ¶ 7. Reynolds worked with the Arowood family's other insurance organization. Id. at 8.

The Defendant, Appalachian Underwriters, Inc. ("AUI") is an Arowood family's insurance organization and is a Tennessee corporation with offices in Murfreesboro, Tennessee. AUI issued the checks to Reynolds for Lindsbrooke that represented the 20% share of the income from Reynolds' workers comp concept at AUI. Id. At some point, Reynolds was terminated, but neither AUI nor the Arowood family paid Reynolds or Lindsbrooke as agreed. Id. at ¶ 11.

Plaintiffs assert that Defendants also breached their agreement to establish a separate management company to receive Reynolds's fee income and to grant Reynolds 20% ownership interest in that company. Id. at ¶ 12.

## B. Conclusions of Law

2

Upon a motion to transfer venue, "[t]he burden rests with the moving party to establish that venue should be transferred" under 28 U.S.C. § 1404(a). Winnett v. Caterpillar, Inc., No. 3:06-cv-00235, 2006 WL 1722434, *2 (M.D. Tenn. June 20, 2006). To satisfy this burden, here the Defendants "must show that the relevant factors weigh strongly in favor of transfer." Id. The relevant factors included:

1. the plaintiff's choice of forum;

2. the accessibility to witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;

3. relative advantages and obstacles for a fair trial;

4. the possibility of the existence of questions arising in the conflicts of laws;

5. the advantage of having a local court determine questions of local law;

6. all other considerations of a practical nature that make a trial easy, expeditious, and economical.

Id. at 2 (citations omitted).

In this district, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Blane v., American Inventors Corp., 934 F.Supp. 903, 907 (M.D. Tenn. 1996); Moeckel v. Caremark RX Inc., 385 F.Supp.2d 668, 686 (M.D. Tenn. 2005).

As to the parties' convenience, the Defendants live close to Knoxville and except for the trial, the Defendants' will not have to travel to Nashville. As a matter of law, the Defendants' personal convenience does not justify a transfer of venue. See Bacik v. Peek, 888 F.Supp. 1405, 1415 (N.D. Ohio 1993) ("Here, defendants argue not for the convenience of 'the parties', but for the convenience of the defendant. . . The venue transfer provisions of Section 1404(a) is not meant to

3

merely shift the inconvenience to the plaintiff.") The Court will hold the trial in Cookeville for their convenience.

As to witnesses, other than themselves, the Defendants do not identify a witness or describe why the testimony of any witness(es) is key. "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. . . If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer will be denied." Id.; see also Roberts v. Norfolk Southern Railway Co., No. 05-CV-74484, 2006 WL 1452502 (E.D. Mich. May 24, 2006). An employee witness is "entitled to less weight because [Defendants] will be able to compel their testimony at trial." Gardipee v. Petroleum Helicopters, Inc., 49 F.Supp.2d 925 (E.D. Tex. 1999) (quoting Continental Airlines, Inc. v. American Airlines, Inc., 805 F.Supp. 1392, 1397 (S.D.Tex.1992)). See also 15 Wright & Miller Fed. Prac. and Proc. § 3851 at 423 & n. 8.

As to the location of relevant business records in Oak Ridge or Clinton, or otherwise outside the state of Tennessee, (Docket Entry No. 11, Defendant Memorandum at p. 5) "general allegations that transfer is needed because of books and records are not enough" to justify a transfer. Gardipee, 49 F.Supp.2d at 931; see also Bacik, 888 F.Supp. at 1416. "[T]he location of documents and business records is given little weight, unless said documents 'are so voluminous that their transport is a major undertaking,'" a transfer is inappropriate. Gardipee, 49 F.Supp.2d 931; Winnett, 2006 WL 1722434 at *6.

Defendants next argue that transfer is appropriate because Anderson County is the "center of the accused activity." (Docket Entry No. 11, Defendants' Memorandum at p. 5). Plaintiffs

4

respond that their claim is for the Defendants' failure to pay required sums that were paid from one of the Defendants' companies in this district. But for a single meeting prior to the agreement, none of the alleged acts occurred in Anderson County.

In sum, the Court concludes that the Defendants have not made the requisite showing to set aside Plaintiffs' chosen venue that has some ties to this district, the source of the Defendants' payments under the parties' contract. Thus, the Defendants' motion to transfer should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 21st day of August, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge